Robert S. Arns, State Bar No. 65071
rsa@arnslaw.com
Jonathan E. Davis, State Bar No. 191346
jed@arnslaw.com
Zachariah D. Hansen, State Bar No. 267755
zdh@arnslaw.com
**THE ARNS LAW FIRM**
A Professional Corporation
515 Folsom Street, 3rd Floor
San Francisco, California 94105
Phone: (415) 495-7800
Fax: (415) 495-7888

Attorneys for Plaintiff DAVID DUNSON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DUNSON;<br><br>               Plaintiff,<br><br>vs.<br><br>CONTRA COSTA COUNTY; CITY OF LAFAYETTE; TOWN OF MORAGA; OFFICER KEVIN WHITE, and DOES 1 to 100, inclusive<br><br>               Defendants. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES**<br>(42 U.S.C. § 1983; and pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. DAVID DUNSON, who on and before the date of this incident, suffered from a history of mental illness, *inter alia*, schizophrenia, was the victim of unwarranted and egregious use of excessive force by Defendant Officer KEVIN WHITE.

2. On the evening of May 1, 2020, at approximately 9:00 p.m., DAVID DUNSON was walking through a residential neighborhood in the City of Lafayette, when he was stopped at gunpoint by Officer KEVIN WHITE. Shortly thereafter, Officer KEVIN WHITE used excessive force under the circumstances and initiated his wireless remote control to release his K-9, Rocco, and ordered the K-9 to bite DAVID DUNSON.

3. DAVID DUNSON sustained serious injuries to his person as a result of the excessive use of force by Officer KEVIN WHITE.

## JURISDICTION AND VENUE

4. This action arises under 42 U.S.C. § 1983. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343. The unlawful acts and practices alleged herein occurred within the judicial district of this Court, in the City of Lafayette, County of Contra Costa, California.

5. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 over state law claims that are so related that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the Northern District pursuant to 28 U.S.C. § 1391(b) in that Defendants are believed to reside in this district, and that the incidents, events and conduct giving rise to this action occurred in the Northern District.

## PARTIES

7. Plaintiff DAVID DUNSON (hereinafter "David" or "Plaintiff") is a resident of the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant CONTRA COSTA COUNTY (hereinafter "County") is an incorporated public entity duly authorized and existing as such under the laws of the State of California. At all relevant

COMPLAINT FOR DAMAGES

times, Defendant COUNTY is vicariously liable under California state law theory of respondeat superior.

9. Plaintiff is informed and believes and thereon alleges that Defendant CITY OF LAFAYETTE (hereinafter "City") is an incorporated public entity duly authorized and existing as such under the laws of the State of California. At all relevant times, Defendant City was the employer of the Lafayette Police Department and Defendant Officer KEVIN WHITE. Defendant City is vicariously liable under California state law theory of respondeat superior.

10. Plaintiff is informed and believes and thereon alleges that Defendant TOWN OF MORAGA (hereinafter "Town") is an incorporated public entity duly authorized and existing as such under the laws of the State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant Officer KEVIN WHITE (hereinafter "Officer White") was, and at all times herein mentioned is a police officer for the CITY OF LAFAYETTE. Defendant Officer KEVIN WHITE is being sued in his individual and official capacity as a police officer for the CITY OF LAFAYETTE.

12. Plaintiff is ignorant of the true names and capacities of Defendants sued in the Complaint under the fictitious names of DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names.

13. All the Defendants described above shall collectively be referred to as "Defendants" in this Complaint.

14. Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants named in that cause of action.

15. At all relevant times, each of the Defendants has acted as an agent, representative, or employee of each of the other Defendants and has acted within the course and scope

of said agency or representation or employment with respect to the causes of action in this complaint.

16. At all relevant times, each Defendant has committed the acts, caused others to commit the acts, or permitted others to commit the acts referred to in this complaint.

## ADMINISTRATIVE PREREQUISITES

17. Plaintiff is required to comply with the Tort Claims Act requirement under California law. On December 21, 2020, and January 4, 2021, Plaintiff presented to the Board of Supervisors of Contra Costa County, City of Lafayette, and Town of Moraga, three separate claims pursuant to Government Code section 911.2.

18. On December 28, 2020, January 5, 2021, and January 7, 2021, Plaintiff received notice that the claims were being returned for failure to present within the mandated statutory period. However, pursuant to California Governor Gavin Newsom's Executive Order N-35-20 (Paragraph 11); N-65-20 (Paragraph 10); and N-71-20 (Paragraph 6), all timeframes for presenting a claim under Government Code section 911, et seq., is extended by 60 days.

19. With this extension in mind, Plaintiff is well within the statutory timeframe, and thus the notice of untimely claim is erroneous.

20. On April 23, 2021, Plaintiff filed a separate response to the notice of untimely claim to advise and to notify each public entity of this Complaint.

21. Because Plaintiff has exhausted all administrative remedies under the California Tort Claims Act, Plaintiff now brings this lawsuit pursuant to Government Code section 945.6.

/ / /

/ / /

/ / /

/ / /

## **FACTUAL ALLEGATIONS**

22. Plaintiff David Dunson has a history of mental illness and schizophrenia following the death of his mother in 2006.

23. On May 1, 2020, David was walking to what he believed was his grandmother's home, located at 1 Nephi Court, near Moraga Road, in the City of Lafayette. In his mind, David needed a place to stay and was heading to what he believed was home.

24. Realizing that this may not be his grandmother's home, David left the residence and walked along Moraga Road. David was on his way to a BART station nearby.

25. David did not reach the BART station because at approximately 9:00 p.m., he was confronted—at gunpoint—by Officer Kevin White and ordered to get on the ground. David, believing he did nothing wrong, continued to walk past Officer White's patrol vehicle. David did not verbally threaten or indicate any signs of outward aggression towards Officer White. But, and immediately thereafter, Officer White rushed David from behind and forced him to the ground. Officer White deployed various physical take down techniques on David during this incident. Officer White kicked David several times in the lower abdominal area.

26. During the entire encounter, Officer White remained in control of the situation. At this point in time, David had been threatened at gunpoint, assaulted from behind, forced into grapple holds, and repeatedly kicked in the stomach. Officer White did not have just cause to use excessive force to detain David—who at no point during the incident was a threat to Officer White.

27. Despite the fact that David did not pose an immediate threat to Officer White, the officer elected to activate his wireless remote control to release his K-9. Seeing the dog for the first time, David feared for his life and tried to shuffle around in order to avoid being bitten.

28. Body-camera video footage shows Officer White ordering the K-9 to "attack, attack!" Officer White then forcefully brings David to the ground. At this point, Officer White has completely detained David but refuses to call off the K-9.

29. Officer White's K-9 continues to hold its bite on David's arm as he is lying face down on the ground and completely immobilized. David can be heard screaming and pleading with Officer White to get the dog to release the bite.

30. David did not pose a threat of serious injury or harm after being restrained to the ground. But, Officer White did not order his dog to release David's arm for approximately forty seconds while David was lying face down on the ground. Officer White's use of force under the circumstances was egregiously excessive, unreasonable, unlawful, and unnecessary.

## FIRST CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution – Excessive Force and Due Process against ALL DEFENDANTS, and DOES 1-100)**
**(42 U.S.C § 1983)**

31. Plaintiff realleges and incorporates by reference the paragraphs above as if fully set forth herein.

32. Defendants conduct described above constituted violations of David's rights as guaranteed under the Fourth Amendment of the United States Constitution. These rights include, but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against David without due process.

33. Defendant Officer White, in performance of his official duties, used excessive force under the circumstances in detaining and arresting David.

34. Defendant Officer White used excessive force when he verbally threatened David at gunpoint, assaulted David from behind, grabbed David's arm and employed various take down maneuvers, kicked David repeatedly in the stomach, commanded his K-9

to attack and bite David, and ultimately refused to call off his K-9 when David—lying face down on the ground—posed no possible imminent threat to Officer White.

35. The force used by Officer White was excessive in nature because David did not pose an immediate threat to the safety of Officer White and others. The use of force was not reasonably necessary under the circumstances.

36. As a result of said excessive force, David suffered bodily injuries to his person which required immediate medical attention.

## SECOND CAUSE OF ACTION
**(Violation of Federal Civil Rights Based on Governmental Liability against ALL DEFENDANTS, and DOES 1-100)**
**(42 U.S.C. § 1983)**

37. Plaintiff realleges and incorporates by reference the paragraphs above as if fully set forth herein.

38. Plaintiff believes and thereon alleges that at all times Defendants were the employers of Officer White and had actual authority to implement and establish policy or custom for the Lafayette Police Department and its officers.

39. Plaintiff alleges that Officer White's intentional conduct violated David's constitutional right to be free from excessive force and unlawful arrest, and that of Defendants policies or customs was a substantial factor in causing David bodily harm.

## THIRD CAUSE OF ACTION
**(Unlawful Arrest by Peace Officer Without a Warrant against ALL DEFENDANTS, and DOES 1-100)**
**(42 U.S.C. § 1983)**

40. Plaintiff realleges and incorporates by reference the paragraphs above as if fully set forth herein.

41. Plaintiff believes and thereon alleges that at all times Defendants wrongfully arrested him because Defendants did not have a valid arrest warrant. Moreover, Defendants did not have probable cause to arrest him on the date of incident. Defendants conduct was a substantial factor in causing harm.

42. As a result of the unlawful arrest, and Defendants conduct flowing from the unlawful arrest, David was forced to suffer bodily injuries that required immediate medical attention.

### FOURTH CAUSE OF ACTION
**(Negligence against ALL DEFENDANTS, and DOES 1-100)**

43. Plaintiff realleges and incorporates by reference the paragraphs above as if fully set forth herein.

44. The elements for negligence are: (1) a legal duty to use due care; (2) a breach of that legal duty; and (3) the breach was the proximate cause of the injury.

45. Defendants are liable for David's injuries caused by failure to exercise reasonable care under the circumstances. Defendants breached their duty of care by using excessive force, as described above, to detain and arrest David. Defendants' breach was a proximate and direct cause of David's bodily injuries.

### FIFTH CAUSE OF ACTION
**(Assault and Battery against ALL DEFENDANTS, and DOES 1-100)**

46. Plaintiff realleges and incorporates by reference the paragraphs above as if fully set forth herein.

47. Defendants intended to and threatened to cause harmful or offensive contact with David. Further, David reasonably believed Defendants would carry out this threat. David did not consent to Defendants' conduct, as described above, and said conduct was a substantial factor in causing David bodily injuries.

48. Moreover, through the use of excessive force, Defendants did commit a battery by touching David with the intent to harm him. Additionally, David did not consent to the harmful conduct of Defendants. As a result, David suffered bodily injuries.

### JURY DEMAND

49. Plaintiff hereby demands a jury trial in this action.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in sum to be determined according to proof;

2. For special damages in sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants KEVIN WHITE, COUNTY, CITY, TOWN, and DOES 1 through 100;

4. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

5. For any and all statutory damages permitted by law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

DATED: April 28, 2021                THE ARNS LAW FIRM

By: _____
ROBERT S. ARNS
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES